```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:13-00325-02

**RONNIE DALE NORMAN, JR.**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On July 26, 2017, the United States of America appeared by Monica D. Coleman, Assistant United States Attorney, and the defendant, Ronnie Dale Norman, Jr., appeared in person and by his counsel, John R. McGhee, Jr., for a hearing on the petition on supervised release submitted by United States Probation Officer Jeff Bella. The defendant commenced a three-year term of supervised release in this action on October 7, 2016, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on September 8, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on November 1, 2016, for amphetamine and methamphetamine; his signature on a voluntary admission form on November 23, 2016, indicating that he smoked "synthetic marijuana" prior to November 1, 2017; a positive urine specimen submitted by him on January 3, 2017, for methamphetamine, the defendant having signed a voluntary admission form confirming his use of the drug; and his signature on a voluntary admission form on April 14, 2017, indicating that he had used marijuana and methamphetamine[1]; (2) the defendant left the judicial district without permission as evidenced by his arrest for public intoxication of a controlled substance on April 14, 2017, in Flatwoods, Kentucky; (3) the defendant failed to report to the probation officer as instructed on April 4 and May 2, 2017; (4) the defendant failed to follow the instruction of the probation officer inasmuch as he was instructed on

---

[1] The defendant also produced positive urine specimen submitted by him on October 11, 2016, for marijuana, the defendant having signed an admission form indicating he smoked marijuana on October 6, 2016, prior to being released from custody.

January 9, 2017, not to leave the Southern District of West Virginia, after which he was arrested on April 14, 2017, in Flatwoods, Kentucky; (5) the defendant failed to follow the probation officer's instruction on March 7, 2017, that he provide an address to his new residence; (6) the defendant failed to report for substance abuse counseling and treatment inasmuch as he failed to make an appointment for treatment at Prestera in January and February, 2017, as instructed by the probation officer; and failed to report for counseling and treatment as instructed by the probation officer on March 14, 2017; (7) the defendant failed to notify the probation officer of his change in residence inasmuch as on March 1, 2017, the probation officer attempted a home contact at defendant's address of record at which time his roommate advised that the defendant had not lived there for a week, the defendant having admitted to the probation officer on March 7, 2017, that he had not been living at his address of record; (8) the defendant associated with a person engaged in criminal activity inasmuch as on April 14, 2017, when he was arrested in Flatwoods, Kentucky, he was in the company of his girlfriend, Carla Estep, who was arrested and charged with public intoxication of a controlled substance, violation of a Kentucky Domestic Violence Order, and an outstanding warrant; (9) the defendant failed to

notify the probation officer within 72 hours of being arrested as evidenced by his arrest on April 14, 2017, in Flatwoods, Kentucky, which he did not report to the probation officer as of the time the petition was submitted on May 16, 2017; (10) the defendant failed to report for urine screens as instructed by the probation officer on February 6 and 21, March 15 and 30, April 14 and 25, 2017; and (11) the defendant failed to pay the $100 special assessment as evidenced by the $55 remaining balance as of May 16, 2017; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to

the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of thirty (30) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he participate immediately upon his release from custody in the 28 to 90 day inpatient drug treatment program at Prestera in Huntington, West Virginia, where he shall follow the rules and regulations of the facility and participate in drug abuse counseling and treatment as directed by the facility and the probation officer.  Upon completion of the Prestera program, the defendant shall transition to the Laurelwood sober living facility for a minimum period of six months, and as long as twelve months, where he shall follow the rules and regulations of the facility and continue to participate in drug abuse counseling and treatment as directed by the facility and the probation officer.

The special assessment balance of $55 is hereby reimposed and shall be paid in full by the defendant within two months after his completion of the program at Laurelwood.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>: The court recommends that the defendant be designated to FCI Ashland.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: July 31, 2017

John T. Copenhaver, Jr.
United States District Judge