```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.               CRIMINAL ACTION NO. 2:13-00325-02

**RONNIE DALE NORMAN, JR.**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On July 11, 2018, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Ronnie Dale Norman, Jr., appeared in person and by his counsel, Lorena Litten, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Jeffrey D. Bella. The defendant commenced a 30-month term of supervised release in this action on December 8, 2017, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on July 31, 2017.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant failed to report to the probation office within 72 hours of release from custody inasmuch as he was released on December 8, 2017, and he did not report in person or via telephone until December 18, 2017; (2) the defendant used and possessed methamphetamine as evidenced by a positive urine specimen submitted by him on December 18, 2017, the defendant having signed a voluntary admission form admitting he used the drug; and a positive urine specimen submitted by him on June 18, 2018, the defendant having signed a voluntary form admitting he used the drug; (3) the defendant failed to report to the probation officer and submit a monthly report for the months of February, March, April and May, 2018; and (4) the defendant failed to abide by the special condition that he participate in the 28 to 90 day inpatient drug treatment program at Prestera, to be followed by a six-month stay at the Laurelwood sober living facility, inasmuch as he entered the Prestera program on December 26, 2017, and was discharged on January 23, 2018, without successfully completing the program for violating the rules of the facility, rendering him unable to proceed with the

Laurelwood program; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS, to be followed by a term of twenty-two (22) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in

Local Rule 32.3 and the special condition that he participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point or its equivalent at a location to be designated by the probation officer, where he shall follow the rules and regulations of the facility, and participate in drug abuse counseling and treatment as directed by the probation officer.  The defendant shall report directly, without interruption, from his place of incarceration to the designated facility.

The special assessment balance of $55 is hereby reimposed and shall be paid in full by the defendant within two months after his completion of the program at Recovery Point.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>:  The court recommends that the defendant be designated to FCI Ashland.

4

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: July 12, 2018

John T. Copenhaver, Jr.
United States District Judge